**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0296, <u>Geoffrey Fowler v. Annabella Morse,</u> the court on April 7, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Geoffrey Fowler (landlord), appeals the decision of the Circuit Court (<u>Runyon</u>, J.), after remand in an action against the defendant, Annabella Morse (tenant), for unpaid rent and possession of certain property based upon nonpayment of rent. <u>See</u> RSA 540:13 (2007). The trial court dismissed the landlord's writ of possession, denied his claim for damages, and awarded damages to the tenant in the amount of $1,500.00, the maximum allowed under RSA 540:13, III, plus costs and interest.

The landlord argues that the trial court erred by: (1) failing to consider the tenant's refusal to grant access to the premises to make necessary repairs; (2) failing to apply the independent lease covenants doctrine; (3) finding that the landlord materially breached the lease by turning off the heat and water; (4) finding that he breached the covenant of quiet enjoyment; (5) making findings contrary to its previous findings without new evidence; and (6) incorrectly calculating the tenant's damages.

The landlord first argues that the trial court erred in failing to consider the tenant's refusal to grant access to the premises to make necessary repairs. The fact that the trial court did not discuss this issue in its order does not imply that the court did not consider it. <u>In re Jonathan T.</u>, 148 N.H. 296, 304 (2002). In the absence of specific findings, a court is presumed to have made all findings necessary to support its decision. <u>Id</u>. We will affirm the trial court's factual findings unless they are unsupported by the evidence. <u>Kessler v. Gleich</u>, 156 N.H. 488, 491 (2007). Here, we assume that the trial court found that the landlord had a sufficient opportunity to make the necessary repairs. The tenant testified that she would have agreed to allow supervised access to the premises, but the landlord did not follow through after his written requests. We therefore conclude that the record supports the trial court's assumed finding. <u>See</u> <u>id</u>.

The landlord next argues that the trial court erred in failing to apply the independent lease covenants doctrine when it ruled that once heat and water were no longer provided, the defendant no longer had an obligation to pay rent.

When a trial court reaches the correct result, but on mistaken grounds, we will sustain the decision if there are valid alternative grounds to support it. Echo Consulting Services v. North Conway Bank, 140 N.H. 566, 569 (1995). RSA 540:13, III, provides that "[i]f the landlord elects to make a claim for unpaid rent, the court shall consider any defense, claim, or counterclaim by the tenant which offsets or reduces the amount owed to the plaintiff." In this case, the landlord made a claim for unpaid rent, $150 per month, and the tenant counterclaimed for damages resulting from the landlord's decision to turn off the heat and water. The trial court found that the tenant's damages equaled the amount of the rent because "[t]he premises had no value as a residence once water and heat services were discontinued." Assuming that the trial court erred in failing to apply the independent lease covenants doctrine, it reached the correct result in light of this finding. See Echo Consulting Services, 140 N.H. at 569.

The landlord next argues that the trial court erred in finding that he materially breached the lease by turning off the heat and water, given its prior finding that this action was "reasonable." In the prior appeal, the tenant argued that the trial court erred in finding that, "it was reasonable for the [landlord] to turn off the water and heat after the [tenant] ceased living at the premises." In our prior order, we noted the lease requires the landlord to provide heat and water to the premises and that, "[t]he significance of the court's finding of 'reasonableness' and its relation to breach or materiality is not clear." Accordingly, we vacated this finding and remanded to allow the court to determine "whether this apparent breach was material."

The trial court has some discretion in implementing our mandate. Auger v. Town of Strafford, 158 N.H. 609, 613 (2009). In addition, the trial court may "review its own proceedings to correct error or prevent injustice." Merrimack Valley Wood Prods. v. Near, 152 N.H. 192, 203 (2005) (quotation omitted). "Upon a subsequent appeal to this court following remand, our review is limited to whether the trial court's ruling is consistent without our mandate." Auger, 158 N.H. at 613 (quotation omitted). Whether the trial court correctly interpreted our mandate is an issue of law, which we review de novo. Id.

On remand, the trial court found that "[b]ecause the premises were designated for residential use and because heat and water are necessary for such use, the [landlord's] failure to provide those services constituted a material breach of the lease." The landlord argues that the court's finding is erroneous because the premises were not designated exclusively for residential use. Whether a breach of contract is material is a question of fact, and we will uphold the trial court's factual finding unless it lacks evidentiary support. Found. for Seacoast Health v. Hosp. Corp. of America, 165 N.H. 168, 181 (2013). "For a breach of contract to be material, it must go to the root or essence of the agreement between the parties, or be one which touches the fundamental purpose of the contract and defeats the object of the parties in

2

entering into the contract." Id. at 181-82 (brackets and quotation omitted). Although the lease contemplated that the tenant would use the premises for her dog breeding program and kennel, the record supports a finding that the residential use of the premises was an essential part of the contract. Accordingly, we conclude that the trial court's finding of material breach is supported by the record and consistent with our mandate. See id. at 181; Auger, 158 N.H. at 613.

The landlord next argues that the trial court erred in finding that he breached the covenant of quiet enjoyment because: (1) the court previously found that he did not breach the covenant of quiet enjoyment; and (2) the facts do not support such a finding. As previously noted, "a trial court has some discretion in revisiting and revising its own prior orders." Found. for Seacoast Health, 165 N.H. at 175-76. In our prior order, we declined to address the landlord's argument that the trial court improperly conflated the warranty of habitability with the warranty of quiet enjoyment noting that, upon remand, the trial court would have an opportunity to clarify the basis for its decision. Upon remand, the trial court found that the landlord breached the covenant of quiet enjoyment by turning off the heat and water. A breach of the covenant of quiet enjoyment occurs when the landlord substantially interferes with the tenant's beneficial use or enjoyment of the premises. Echo Consulting Services, 140 N.H. at 571. The landlord argues that his decision to turn off the heat and water did not substantially interfere with the tenant's use of the premises because she continued to maintain exclusive possession of the premises, continued her dog training and dog breeding activities at the premises, and used the premises for storage. Even assuming that these non-residential uses did not require heat and water, we conclude that the trial court's finding is supported by the record and consistent with our mandate. See Found. for Seacoast Health, 165 N.H. at 181; Auger, 158 N.H. at 613.

The landlord next argues that the trial court erred in making findings contrary to its previous findings without new evidence, including its findings that: (a) the landlord turned off the heat and water prior to the 2007-2008 heating season; (b) the premises had no value as a residence after the landlord turned off the heat and water; (c) the landlord sought unpaid rent only for the period after December 2009; (d) the tenant paid rent through 2009; and (e) the tenant paid twenty months of rent after the landlord turned off the heat and water. As previously noted, the trial court may revisit its prior findings upon remand. Auger, 158 N.H. at 613; Merrimack Valley Wood Prods., 152 N.H. at 203. The court's findings on remand are supported by the record. The landlord testified that after he noticed that the tenant moved out in June 2007, he turned off the heat. The landlord stipulated that the tenant paid rent up to December 2009, which is more than 20 months after he turned off the heat. As noted below, the record supports the finding that the leased premises had no value after the landlord turned off the heat and water.

3

Finally, the landlord argues that the trial court erred in calculating the tenant's damages. "In reviewing damage awards, we view the evidence in the light most favorable to the prevailing party, and will overturn an award only if we find it to be clearly erroneous." McNeal v. Lebel, 157 N.H. 458, 466 (2008). The landlord argues that the court erred in calculating damages because it failed to consider the rental value of the property without heat or water. Although the record shows that the tenant's belongings remained at the premises and that she continued to use the premises for her dog training and breeding activities, we reject the landlord's assertion that the trial court was compelled on this record to find that the property had some fair market rental value. We conclude that the trial court reasonably could have found that the demised premises, an apartment over a garage, deck, and kennel area, had no rental value without heat and water. See id.; Kessler, 156 N.H. at 491.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

4